UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE WHITNEY OIL & GAS CO.**

CIVIL ACTION

NO: 22-3015

SECTION "H"

### ORDER AND REASONS

Before the Court is Petitioner Whitney Oil & Gas LLC's Motion for Summary Judgment (Doc. 35) and Motion to Strike (Doc. 46). For the following reasons, Petitioner's Motion for Summary Judgment is **DENIED**, and its Motion to Strike is **DENIED AS MOOT**.

### BACKGROUND

In the aftermath of Hurricane Ida, Petitioner Whitney Oil & Gas, LLC ("Whitney") deployed its own operators and contract operators from Quality Production Services, Inc. ("QPS") to check wells. On the morning of September 27, 2021, Claimant Kerri Espadron, an operator for Whitney, and Wyatt Boone, a contract operator from QPS, departed in the field boat M/V Lil Red to check wells. Boone subsequently drove the boat into a well jacket, causing damage to the boat and injuring Espadron. Whitney filed this action for limitation or exoneration of liability for the accident. Espadron filed a claim in the limitation action against Whitney and brought a third-party claim against

1

QPS for his injuries. QPS has also filed a claim in the limitation action, asserting that Whitney owes it defense and indemnity for Espadron's claims pursuant to the Master Service Agreement ("MSA") between the parties.

Now before the Court is Whitney's Motion for Summary Judgment on QPS's claim for defense and indemnity. Whitney contends that the MSA between it and QPS is non-maritime and therefore the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") applies to void the defense, indemnity, and insurance provisions upon which QPS relies. QPS and Espadron have each opposed Whitney's Motion. In response, Whitney moves to strike Espadron's opposition, arguing that he lacks standing to oppose the indemnity issues raised in its Motion for Summary Judgment. The Court will consider each Motion in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

2

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

The MSA between Whitney and QPS contains provisions requiring Whitney to defend, indemnify and hold QPS harmless from any personal injury claims brought by Whitney employees regardless of QPS's fault. Whitney alleges that the MSA is non-maritime, and therefore Louisiana law applies,

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

and the defense, indemnity, and insurance provisions therein are unenforceable under LOAIA. LOAIA provides that:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals . . . is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee . . . .[9]

QPS, on the other hand, contends that the MSA and oral work orders between the parties are maritime and therefore maritime law applies and the provisions are enforceable. As a threshold matter, however, QPS also argues that Whitney's motion is premature where no finding has been made as to QPS's fault or liability. This Court agrees and therefore does not reach the parties' arguments regarding whether LOAIA applies to void the indemnity provisions in the MSA.[10]

In *Meloy v. Conoco Inc.*, the United States Court of Appeals for the Fifth Circuit certified questions to the Louisiana Supreme Court concerning an indemnity agreement between an oil company and a contractor.[11] The Louisiana Supreme Court held that when a court is asked to void an indemnity provision under LOAIA, it may not do so until there has been a determination of the indemnitee's fault or liability.[12] The Louisiana Supreme Court explained that "the indemnitor's obligation for cost of defense cannot be determined until

---

[9] LA. REV. STAT. § 9:2780.
[10] Petitioner has not offered any response to this argument.
[11] 504 So. 2d 833, 839 (La. 1987).
[12] *Id.*

4

there has been a judicial finding that the indemnitee is liable."[13] The court observed that LOAIA "only prohibits indemnity for cost of defense where there is 'negligence or fault (strict liability) on the part of the indemnitee.'"[14] The court held that whether an indemnitee "is free from fault and thus outside the scope of the [LOAIA] can only be determined after trial on the merits."[15] Indeed, the Fifth Circuit has explained that "Louisiana law generally provides that the issue of indemnity is premature and non-justiciable until the underlying issue of liability is resolved and the defendant is cast in judgment."[16] In the case at hand, there has not been a determination regarding whether QPS is liable or at fault for Espadron's injuries. Accordingly, a determination of the enforceability of the indemnity provisions in the MSA would be premature at this time.[17]

Because the Court finds Petitioner's Motion to be premature and does not reach any of the merits arguments presented by any party, Petitioner's Motion to Strike Espadron's opposition to its Motion is denied as moot.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Summary Judgment is **DENIED** as premature, and its Motion to Strike is **DENIED AS MOOT**.

---

[13] *Id.*

[14] *Id.* (quoting LA. REV. STAT. § 9:2780).

[15] *Id.*

[16] Lexington Ins. Co. v. St. Bernard Par. Gov't, 548 F. App'x 176, 180 (5th Cir. 2013).

[17] *See* Ruello v. JP Morgan Chase Bank, N.A., No. CV 20-895, 2021 WL 2291146, at *5 (E.D. La. June 4, 2021); Borman v. Shamrock Energy Sols., LLC, No. CV 17-11720, 2019 WL 670402, at *4 (E.D. La. Feb. 19, 2019); Am. Home Assur. Co. v. Chevron, USA, Inc., 400 F.3d 265, 269 (5th Cir. 2005).

New Orleans, Louisiana this 28th day of April, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**