# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**CIVIL ACTION**

**IN RE WHITNEY OIL & GAS CO.**                    **NO: 22-3015**

**SECTION "H"**

## ORDER AND REASONS

Before the Court is Petitioner Whitney Oil & Gas LLC's Motion for Attorney's Fees and Costs (Doc. 104).  For the following reasons, Petitioner's Motion is **GRANTED**.

## BACKGROUND

On the morning of September 27, 2021, Claimant Kerri Espadron, a production operator for Petitioner Whitney Oil & Gas, LLC ("Whitney Oil"), and Wyatt Boone, a production operator from Quality Process Services, LLC ("QPS"), departed in the field boat M/V LIL RED to check wells. Boone subsequently drove the boat into a well jacket, injuring Espadron. Whitney Oil filed this action for limitation or exoneration of liability for the accident. Espadron filed a claim in the limitation action against Whitney Oil and brought a third-party claim against QPS for his injuries. QPS filed a claim in the limitation action, asserting that Whitney Oil owed it defense and indemnity for Espadron's claims pursuant to the Master Service Agreement

1

("MSA") between the parties. Prior to trial, Espadron settled his personal injury claim. This Court held a bench trial on August 13, 2025 on QPS's indemnity claim against Whitney Oil. On September 22, 2025, the Court entered a Findings of Fact and Conclusions of Law, holding that the MSA was non-maritime and therefore the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") applied to preclude QPS from enforcing the indemnity provision in the MSA. It found therefore that Whitney Oil did not owe defense, indemnity, or insurance coverage to QPS for the claims of Espadron. The Court entered judgment the next day. On September 26, 2025, QPS filed a Notice of Appeal.

On October 7, 2025, Whitney Oil filed the instant Motion for Attorney's Fees and Costs. Whitney Oil argues that, as the prevailing party, it is entitled to attorney's fees and costs pursuant to the MSA. QPS opposes.

## LAW AND ANALYSIS

Whitney Oil seeks attorney's fees pursuant to section 9.4 of the MSA, which states:

> If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees, court costs, and costs of litigation, in addition to any other remedy to which that party may be entitled.[1]

In light of the MSA's plain language, QPS does not dispute Whitney Oil's entitlement to attorney's fees under the MSA. Instead, it argues (1) that Whitney Oil's claim for attorney's fees is prohibited by LOAIA, (2) that Whitney Oil's motion is procedurally defective, and (3) that the interests of

---

[1] Doc. 107-1.

2

justice favor deferring ruling on this motion. This Court will consider each argument in turn.

### A. LOAIA

First, QPS argues that the attorney's fee provision of the MSA is void under LOAIA. LOAIA provides that:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals . . . is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee . . . .[2]

QPS points out that LOAIA nullifies any provision that requires indemnification where there is any negligence or fault on the part of the indemnitee. In *Tanksley v. Gulf Oil Corp.*, the Fifth Circuit held that LOAIA nullified an indemnity agreement where there was no finding that the indemnitee was free from fault because of a settlement.[3] QPS argues therefore that LOAIA precludes Whitney Oil's claim for attorney's fees where its pre-trial settlement of Mr. Espadron's personal injury claims foreclosed a judicial determination that Whitney Oil was free from fault. QPS argues that the attorney's fee agreement in the MSA is, "for all intents and purposes, one for contractual indemnity arising out of a personal injury claim for which there has been no judicial determination—due to Whitney Oil's choice to settle the personal injury claim against it—that Whitney Oil is free from fault."[4] It

---

[2] LA. REV. STAT. § 9:2780.
[3] Tanksley v. Gulf Oil Corp., 848 F.2d 515, 517 (5th Cir. 1988).
[4] Doc. 106.

argues therefore that LOAIA precludes enforcement of the attorney's fees provision.

QPS's argument, however, misses the mark. Whitney Oil "is not seeking costs of defense of Espadron's claims against it, but rather the costs and fees incurred in defending itself against QPS' cross-claim for defense and indemnity, a separate and distinct contractual right under the MSA."[5] Indeed, LOAIA's prohibition is limited to "damages arising out of or resulting from death or bodily injury to persons,"[6] while the MSA awards attorney's fees "necessary to enforce or interpret" its terms.[7] Mr. Espadron's personal injury claim did not implicate the terms of the MSA, only QPS's claim for defense and indemnity did. QPS cites to no case law holding that LOAIA precludes an award of attorney's fees to the prevailing party of a contract dispute.

## B. Procedural Defects

Next, QPS argues that Whitney Oil's motion is defective because it does not "state the amount sought or provide a fair estimate of it" as required by Federal Rule of Civil Procedure 54(d)(2). Indeed, Whitney Oil states in its Motion that if the Court finds that it is entitled to attorney's fees and costs pursuant to the MSA, the amount thereof will be submitted in a later, separate motion to the magistrate judge with supporting documentation to be filed under seal.

The Fifth Circuit has:

held that one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees. Rule 54(d)(2) sets out the minimum requirements

---

[5] Doc. 108.

[6] LA. REV. STAT. § 9:2780.

[7] Doc. 107-1.

needed to effectuate a valid notice of the request. The failure to file the request would ordinarily result in a request being denied. However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2).[8]

In *Romaguera v. Gegenheimer*, the Fifth Circuit excused the untimely filing of a Rule 54(d)(2) motion and found notification sufficient where the district court had acknowledged the Plaintiff's request for attorney's fees in its written reasons and indicated its intention to set a hearing, "thereby satisfying Congress' intended purpose under Rule 54(d)(2)."[9] Here, Whitney Oil's Motion was timely and set forth the grounds under which it argues it is entitled to attorney's fees. QPS therefore received timely notice of the request. The Court finds that QPS is not prejudiced by litigating the amount of attorney's fees at a later date.

## C. Interests of Justice

Finally, QPS contends that, in the interest of judicial economy, the Court should defer ruling on Whitney Oil's Motion because a reversal will render its motion moot. The comments to Rule 54 provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."[10] This Court finds that resolution of Whitney Oil's entitlement to attorney's fees is appropriate at this time given that QPS has not presented any compelling arguments in opposition. Accordingly, the Court finds that, as

---

[8] Romaguera v. Gegenheimer, 162 F.3d 893, 895 (5th Cir. 1998), decision clarified on denial of reh'g, 169 F.3d 223 (5th Cir. 1999).

[9] Romaguera v. Gegenheimer, 169 F.3d 223 (5th Cir. 1999).

[10] FED. R. CIV. P. 54.

the prevailing party, Whitney Oil is entitled to "reasonable attorney's fees, court costs, and costs of litigation" as contemplated by the MSA.[11] That said, the Court finds that judicial economy would be served by deferring a ruling on the amount of attorney's fees until the appeal is resolved.[12]

## **CONCLUSION**

For the foregoing reasons, Whitney Oil's Motion for Attorney's Fees and Costs is **GRANTED**. Whitney Oil shall file a Motion for Calculation of Attorney's Fees and Costs before the magistrate judge within 21 days of resolution of all appeals in this matter.

---

[11] Doc. 107-1.

[12] Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C., No. CV 16-1131, 2019 WL 7882130, at *2 (E.D. La. Sept. 18, 2019), report and recommendation adopted, No. CV 16-1131, 2020 WL 114135 (E.D. La. Jan. 10, 2020) ("The pending appeal may result in an appellate court decision that either renders Team's request for attorney's fees moot or entitles it to additional attorneys' fees for amounts it incurs in the appeal process. If Team prevails in the appeal in a manner that results in its entitlement to recover more attorneys' fees and costs, additional briefing and submission of evidence relating to the appropriate amount will be necessary. Additionally, resolving the wide array of disputes in the already voluminous submissions in the attorneys' fee motion papers will require expenditure of substantial judicial resources, not just by the magistrate judge but also by the district judge in connection with the inevitable review necessitated by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2) and (3). All of this effort may be wasted, depending upon the Fifth Circuit's resolution of the appeal.").

New Orleans, Louisiana this 29th day of October, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**